Martin M. Kolbrener, J.
Defendant moves to suppress a pair of handcuffs and a derringer pistol, as evidence. He is indicted for robbery in the first degree, grand larceny in the first degree and four counts of assault in the second degree.
The derringer was found in a room in the attic of a rooming house where the defendant neither resided nor had dominion or control.
The defendant was employed in a delicatessen, and the handcuffs were found in the back room of the delicatessen in a drawer used in common by the defendant, his employers and other employees. The police were on the premises with permission from the owner of the delicatessen and were given permission by the owner to search the drawer in which the handcuffs were located. Since the defendant had the use of this drawer it cannot be argued that he did not have “ standing ” to contest the seizure of these handcuffs (People v. Angevine, 47 Misc 2d 374; Jones v. United States, 362 U. S. 257; People v. Calissi, N. Y. L. J., Aug. 6, 1965, p. 10, col. 1). As we said in People v. Calissi: “He had some measure of control of the shack. He *592 had the. keys. ‘ Distinctions such as if it is by the ‘ ‘ lessee ’ “ licensee ”, “ invitee ” and “ guest ”, often only of gossameistrength, ought not to be determinative in fashioning procedures ultimately referable to constitutional safeguards. * * * No just interest of the Government in the effective and rigorous enforcement of the criminal law will be hampered by recognizing that anyone legitimately on premises where a search occurs may challenge its legality by way of motion to suppress, when its fruits are proposed to be used against him.’ (Jones v. United States, supra, at 265, 266.) With the foregoing as a guidepost it is my opinion that the defendant’s status comes within the meaning of the language of section 813 (c) of the Code of Criminal Procedure: A person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the property, papers or things, hereinafter referred to as property, claimed to have been unlawfully obtained may be used as evidence against him in a criminal proceeding, may move for the return of such property or for the suppression of its use as evidence.” There is a clear distinction, however, between this case and Calissi (supra). There the consent to search was given by defendant’s mother and was contested. There it was found by the court that the consent to search was not voluntarily given, but in fear of reprisal by the police and in submission to police authority. Here the lady who gave permission to search did so freely. She was one of the owners of the premises and the handcuffs were found in a drawer used by any one of four people employed in the premises. The owners thus had a right to permit the officers to enter their premises and to search the drawer. The defendant was not in exclusive control of the drawer and cannot then be heard to complain, because the owner having authority gave permission to the search in question. It is' therefore ordered, that the motion to suppress be and the same is hereby denied.